**MANDATE**

15-3003
Tacopina v. Keeffe et al.

N.Y.S.D. Case #
14-cv-8379(PAC)

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

1    At a stated term of the United States Court of Appeals
2    for the Second Circuit, held at the Thurgood Marshall United
3    States Courthouse, 40 Foley Square, in the City of New York,
4    on the 29th day of March, two thousand sixteen.
5
6    PRESENT: DENNIS JACOBS,
7             PETER W. HALL,
8                      Circuit Judges.
9             DENISE COTE,*
10                     District Judge.
11
12   - - - - - - - - - - - - - - - - - - - -X
13   JOSEPH TACOPINA,
14           Plaintiff-Appellant,
15
16           -v.-                                        15-3003
17
18   MICHAEL O'KEEFFE, DAILY NEWS L.P,. &
19   TIMOTHY C. PARLATORE,
20           Defendants-Appellees.
21   - - - - - - - - - - - - - - - - - - - -X
22

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 02, 2016

---

  * The Honorable Denise Cote, United States District Court for the Southern District of New York, sitting by designation.

1

```
 1    FOR APPELLANT:              JUDD BURSTEIN, JUDD BURSTEIN
 2                                P.C., New York, New York.
 3
 4    FOR APPELLEE
 5    MICHAEL O'KEEFFE:           MATTHEW A. LEISH, ASSISTANT
 6                                GENERAL COUNSEL, DAILY NEWS,
 7                                L.P., New York, New York.
 8    FOR APPELLEE
 9    TIMOTHY C. PARLATORE:       TIMOTHY C. PARLATORE, PRO SE,
10                                New York, New York.
```

Appeal from a judgment of the United States District Court for the Southern District of New York (Crotty, **J.**).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Joseph Tacopina appeals from the judgment of the United States District Court for the Southern District of New York (Crotty, **J.**) dismissing his claims for defamation and abuse of process. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**1.** Tacopina's defamation claim against Parlatore is premised on statements made in an affidavit Parlatore filed in court on behalf of a client. These statements are therefore privileged and cannot form the basis for a defamation claim. See Front, Inc. v. Khalil, 28 N.E.3d 15, 24 N.Y.3d 713, 718-20 (N.Y. 2015) ("[I]t is well-settled that statements made in the course of litigation are entitled to absolute privilege . . . we hold that statements made prior to the commencement of an anticipated litigation are privileged, and that the privilege is lost where a defendant proves that the statements were not pertinent to a good faith anticipated litigation."). Even crediting Tacopina's allegation that Parlatore shared the affidavit with the Daily News before filing it in court, Tacopina has still not sustained his burden of showing that the statements were not pertinent to a good faith anticipated litigation. Given Tacopina's allegation that Parlatore tendered a carbon copy of the affidavit to the Daily News, such an argument is meritless.

**2.** As to Tacopina's defamation claims against the Daily News, New York Civil Rights Law § 74 ("fair reporting privilege") prohibits civil actions "against any person, firm or corporation, for the publication of a fair and true report of any judicial proceeding." "A publication is deemed 'fair and true' if it is 'substantially accurate.'" Karedes v. Ackerley Grp. Inc., 423 F.3d 107, 119 (2d Cir. 2005) (quoting Glendora v. Gannett Suburban Newspapers, 201 A.D. 2d 620, 608 N.Y.S.2d 239, 240 (App. Div. 1994)). "'A report is 'substantially accurate' if, despite minor inaccuracies, it does not produce a different effect on a reader than would a report containing the precise truth.'" Id. (quoting Zerman v. Sullivan & Cromwell, 677 F. Supp. 1316, 1322 (S.D.N.Y. 1988)). In applying the fair reporting privilege, "newspaper accounts of legislative or other official proceedings must be accorded some degree of liberality." Holy Spirit Ass'n for Unification of World Christianity v. N.Y. Times Co., 399 N.E.2d 1185, 1187 (N.Y. 1979). "When determining whether an article constitutes a 'fair and true' report, the language used therein should not be dissected and analyzed with a lexicographer's precision. This is so because a newspaper article is, by its very nature, a condensed report of events which must, of necessity, reflect to some degree the subjective viewpoint of its author." Id.

We conclude that the fair reporting privilege bars Tacopina's defamation claims against the Daily News. Although the October 15 Article misattributed the source of the cocaine allegations, this inaccuracy would not have impacted the effect on readers; it is unlikely that the fact that two former clients, instead of one, alleged that Tacopina abused drugs would have impacted the esteem in which Tacopina was held by the public. The Editor's Note to the October 15 Article is similarly shielded by the fair reporting privilege; it corrects the source of the cocaine allegations and the Article repeats verbatim what Parlatore proffered in the Jane Doe affirmation: that Tacopina had "come under public scrutiny" for cocaine allegations. Joint Appendix at 189. The same conclusion follows for the October 17 Article; the inaccuracies in the Article would not have meaningfully impacted reader perception, and stemmed simply from an inability to perfectly comprehend

legalese. "Newspapers cannot be held to a standard of strict accountability for use of legal terms of art in a way that is not precisely or technically correct by every possible definition." Becher v. Troy Publ'g Co., Inc., 183 A.D.2d 230, 234 (N.Y. App. Div. 1992) (quoting Gurda v. Orange Cnty. Publ'ns. Div. of Ottaway Newspapers, 81 A.D.2d 120, 133 (N.Y. App. Div. 1981)).

**3.** Tacopina argues that his abuse of process claim was improperly dismissed. The district court dismissed this claim for two reasons: (1) failure to plead special damages; and (2) failure to plead that process was abused in a perverted manner to obtain a collateral objective. Tacopina challenges only the first of these holdings in his main brief; his failure to contest the second holding waives this point. See JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V., 412 F.3d 418, 428 (2d Cir. 2005) ("We begin by observing that arguments not made in an appellant's opening brief are waived even if the appellant pursued these arguments in the district court or raised them in a reply brief."). The district court's dismissal of the abuse of process claim is affirmed.

For the foregoing reasons, and finding no merit in Tacopina's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit